**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**THEOSHAMOND NORMAN (#407759)** **CIVIL ACTION**

**VERSUS** **NO. 25-910-SDD-EWD**

**TARAUS JONES, ET AL.**

**ORDER**

Theoshamond Norman ("Norman" or "Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana, filed this suit on or about October 8, 2025.[1] Norman brings claims of two incidents of excessive force and related failure to intervene claims and a Fourth Amendment claim arising from a blood draw.[2] Because the claim regarding the blood draw is not sufficiently related to the excessive force and failure to intervene claims, this action will be severed into two separate cases.

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[3] Federal Rule of Civil Procedure 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action."

---

[1] R. Doc. 1. Documents filed in the electronic case record are referred to as "R. Doc. __."

[2] R. Docs. 1, 1-2. If Norman intends to bring additional claims not recognized by the Court in this Order, he must do so by filing a separate lawsuit(s) or an amended complaint in the appropriate existing lawsuit.

[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder should not be allowed.[4] In other words, in a multiparty case, if claims arise from different events and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[6] Indeed, "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision is discouraged.[7]

In this case, Plaintiff's claims arise from distinct actions/inactions by different defendants. Plaintiff's first two complaints relate to use of force incidents with Taraus Jones and J. Holliday.[8] The second claim, described in an attachment to the complaint involves Nurse Amy Hebert allegedly forcibly taking blood from Norman.[9] The claim regarding the forcible blood draw is not sufficiently related to the other claims to be joined in this case, especially when considering the purposes of the PLRA. Accordingly,

**IT IS ORDERED** that this case No. 25-cv-910 is **SEVERED** into two separate cases bearing the titles as shown below. The case number for each new case will be sent to Norman at

---

[4] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), judgment entered, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and aff'd, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).

[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").

[8] *See* R. Docs. 1, 1-2.

[9] R. Doc. 1-2.

his address of record as soon as a case number is assigned. The two severed cases are titled as follows:

Civil Action No. 25-910, *Norman v. Jones, et al.* (this original case number remains unchanged and only applies to the claims for excessive force and failure to intervene against Taraus Jones and J. Holliday.[10]

Civil Action No. 26-___, *Norman v. Hebert*, which will contain Plaintiff's Fourth Amendment claim against Amy Hebert for the forced blood draw.[11]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint,[12] with all attachments, and a copy of this Order into the newly opened case, noted above.

**IT IS FURTHER ORDERED** that Norman must either pay the $405.00 filing fee or file an application to proceed *in forma pauperis* in the newly opened case.

Signed in Baton Rouge, Louisiana, on October 19, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[10] To the extent Norman intended to make any other claims related to the incidents of excessive force, he should make that clear in any amended complaint that is filed.

[11] Norman does not indicate excessive force was used in the blood draw, and though he names a Jane Doe nurse, he does not state what the Jane Doe nurse did. If Norman intends on making claims other than the claim against Hebert arising under the Fourth Amendment related to the blood draw, he should make that clear in any amended complaint he files in the newly opened case. It also appears other individuals may have been involved in the blood draw, but none of the others mentioned are named as defendants.

[12] R. Doc. 1.